# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DARRYL CARTWRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 5:17-CV-278 (MTT) |
| WAL-MART STORES EAST, LP AND JOHN DOES NOS. 1-10, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Defendant Wal-Mart Stores East, LP moves for summary judgment. For the following reasons, that motion (Doc. 16) is **GRANTED**.

## I. BACKGROUND

On November 25, 2015, Plaintiff Darryl Cartwright entered a Wal-Mart store on his wheelchair to purchase tennis shoes, socks, and groceries. Doc. 17-1 at 34. Almost immediately after entering the store, the Plaintiff decided to use the restroom located at the back of the store. *Id.* Thinking he could use the exercise, the Plaintiff parked his wheelchair next to the restroom door, got up, and walked in. *Id.* at 36. The Plaintiff used the toilet in the stall and walked to the sink to wash his hands, all the while holding on to his surroundings to keep his balance. *Id.* at 36-37. Then, as he turned to leave the restroom after washing his hands, the Plaintiff slipped and fell. *Id.* at 37-38.

There was no one else in the restroom at the time he fell. *Id.* at 36. When asked whether he knew what caused him to fall, the Plaintiff testified: "It was my leg or the water, one of them. I don't know." *Id.* at 40. Though not certain, the Plaintiff guesses the water appeared on the floor as a result of a man changing his child's diaper next to

the sink.  *Id.* at 41.  The Plaintiff does not explain how diaper-changing leads to water on the floor.  *See id.*

While the store does not have a camera inside the restroom, it does have one outside.  Store video shows the man and his child entering the restroom approximately two minutes before the Plaintiff did.  Video at 3:29:43 p.m.  About a minute after the Plaintiff entered the restroom, the man and his child exited.  *Id.* at 3:33:16 p.m.  The store video also shows that about seven minutes before the Plaintiff entered the restroom, one of the Defendant's employees, Travis Johnson, was in the restroom for about a minute and a half.  *Id.* at 3:23:19 p.m. – 3:24:40 p.m.  Johnson states in his affidavit that while he was in the restroom, he conducted a "safety sweep" of the area, which means visually scanning the area to ensure the floor was clean and clear of any hazards.  Doc. 16-3 ¶ 4.  This "safety sweep" was in accordance with the Defendant's safety policies and procedures that were in effect on November 25, 2015.  *Id.* ¶¶ 4-5.  Johnson states that when he inspected the area, the "entire floor appeared to be clean, dry and hazard free.  Specifically there was no water, no liquid and no hazardous substance at the sink area, the urinals or near the toilets."  *Id.* ¶ 6.

Shortly after the Plaintiff fell, employees Brian Hegler and Glendon Bedeau were notified of the incident and arrived at the scene.  Docs. 16-4 ¶ 9; 16-5 ¶ 11.  They both noticed the Plaintiff lying on what they described as a floor with "no water, no liquid and no wetness."  Docs. 16-4 ¶ 11; 16-5 ¶ 12.  Hegler also states in his affidavit that when he asked the Plaintiff what had happened, the Plaintiff told him "his right leg had given out and he had fallen over."  Doc. 16-4 ¶ 10.  Hegler states he did not see "any wetness" on the Plaintiff's clothing.  *Id.* ¶ 12.

## II. DISCUSSION

### A. Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Rather, "the moving party simply may 'show[ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (alterations in original) (quoting *Celotex*, 477 U.S. at 324). Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.*

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324). The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50). Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. … The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B. Analysis**

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. To prevail on a claim for negligence in a slip and fall case in Georgia, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748, 493 S.E.2d 403, 414 (1997).

The Defendant argues that it is entitled to summary judgment for two reasons. First, the Defendant argues there is no evidence that any hazard caused the Plaintiff's fall. Doc. 16-1 at 5. In the alternative, the Defendant argues there is no evidence that it had actual or constructive knowledge of any hazard. *Id.* at 8. While the evidence strongly suggests, even by the Plaintiff's own admission, that the Plaintiff's fall was the result of his leg giving out, the Court assumes for the purposes of resolving this motion that there was water on the restroom floor at the time the Plaintiff fell. Thus, the issue is whether there is evidence the Defendant had actual or constructive knowledge of the hazard. *Jones v. Ingles Markets, Inc.*, 231 Ga. App. 338, 340 n.1., 498 S.E.2d 365, 367 n.1 (1998) (noting that a defendant "may prevail on summary judgment by simply pointing out the absence of evidence in the record that the defendant had actual or constructive knowledge of the hazard") (citation omitted).

As an initial matter, the Plaintiff offers no evidence of actual knowledge. Therefore, to defeat summary judgment, the Plaintiff must create a fact issue as to whether the Defendant had constructive knowledge of the hazard. A plaintiff can show a defendant's constructive knowledge in two ways: (1) by showing that an employee was present in the immediate area and could have easily seen and removed the hazard; or (2) by showing that the hazard was present long enough that it would have been discovered through an inspection conducted with reasonable care. *Sanderson Farms, Inc. v. Atkins*, 310 Ga. App. 423, 426, 713 S.E.2d 483, 487 (2011) (citation omitted).

The Plaintiff does not argue the first prong of proving constructive knowledge—and for good reason because the Plaintiff acknowledged that no one was in the

restroom at the time he fell. Regarding the second prong, "in seeking summary judgment, the defendant has the initial burden of showing that this theory of recovery is not viable by demonstrating that it exercised reasonable care in inspecting the premises. This burden may be carried by evidence of compliance with reasonable inspection procedures." *Hopkins v. Kmart Corp.*, 232 Ga. App. 515, 517, 502 S.E.2d 476, 478 (1998) (quotation marks, alterations, and citations omitted).

While the Plaintiff argues that the "Defendant has not produced any evidence, whatsoever, showing an adequate inspection was performed by Johnson while he was in the bathroom shortly before the Plaintiff" (Doc. 22-1 at 7), the record shows otherwise. Contrary to the Plaintiff's assertion, the Defendant *has* produced evidence in the form of affidavits that show the restroom was properly inspected shortly before the Plaintiff entered. Specifically, Johnson states in his affidavit that he followed his company's safety policies and procedures, which were in effect on November 25, 2015, by conducting a "safety sweep" of the restroom, "meaning we were to visually scan the area we were working in and any area we passed through to ensure the floor was clean and clear of any hazards to customers." Doc. 16-3 ¶¶ 9-10. Although the Plaintiff contends that the credibility of the Defendant's employees should be decided by a jury (Doc. 22-1 at 8), he has neither produced evidence nor pointed to any contradiction in Johnson's testimony that would put Johnson's credibility at issue.[1] There is also no indication in Johnson's testimony that the inspection was rushed in any way or that he might have missed the hazard on the floor. Thus, without any evidence contradicting Johnson's affidavit, Johnson's testimony that he followed the safety policies and

---

[1] The Court finds it significant that the Plaintiff had the opportunity to depose Johnson, as well as the other employees, but failed to do so.

procedures, conducted a "safety sweep" of the restroom, and did not detect any hazard remains undisputed. Accordingly, the Defendant has met its initial burden.

"Once a defendant demonstrates a lack of actionable constructive knowledge by compliance with reasonable inspection procedures, the burden shifts back to the plaintiff to show how long the foreign substance had been allowed to remain on the floor. . . . The plaintiff must show that the substance was on the floor for a length of time sufficient for knowledge of it to be imputed to the defendant." *Hopkins*, 232 Ga. App. at 518, 502 S.E.2d at 479 (quotation marks and citations omitted).

Here, the Plaintiff admitted he had no knowledge of when or how the water got on the restroom floor. Doc. 17-1 at 40-41. The Plaintiff merely "guesses" the water came from another customer who was changing his child's diaper in the restroom at the time the Plaintiff walked in. But even assuming that is true, it had only been roughly seven minutes since Johnson last conducted a "safety sweep" of the restroom, and, therefore, the Defendant would not have had a reasonable time to detect the water and clean it. Indeed, "regardless of any inspection program, when a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, [courts] have held that the inspection procedure was adequate as a matter of law." *Medders v. Kroger Co.*, 257 Ga. App. 876, 878, 572 S.E.2d 386, 388 (2002) (quotation marks and citation omitted). Specifically, Georgia courts have held that "inspections conducted within 15 minutes prior to the plaintiff's fall were reasonable." *Brown v. Host/Taco Joint Venture*, 305 Ga. App. 248, 252, 699 S.E.2d 439, 443-44 (2010) (citing cases).[2]

---

[2] The Defendant calls this "Georgia's Fifteen Minute Rule." Doc. 23 at 5. Regardless of the name, it is clear the inspection was conducted less than fifteen minutes before the Plaintiff fell, and thus the inspection was reasonable.

It is undisputed that Johnson entered the restroom approximately seven minutes before the Plaintiff entered it. And as discussed, it is undisputed that the employee conducted a "safety sweep" of the restroom and did not detect any hazard. Therefore, because Johnson inspected the restroom within 15 minutes prior to the Plaintiff's fall and found no hazard, the Defendant "had exercised due care in inspecting the premises and did not have constructive knowledge of the hazard." *Id.* (citations omitted).

Nevertheless, in order to get around the "fifteen-minute rule," the Plaintiff contends the "Defendant does not provide any support for its contention that it lacked knowledge other than the self-serving declarations of its employees, Travis Johnson and Brian Hegler." Doc. 22-1 at 6. But even if those statements are "self-serving," "that alone does not permit [the Court] to disregard them at the summary judgment stage." *Liebman v. Metropolitan Life Ins. Co.*, 808 F.3d 1294, 1299 (11th Cir. 2015) (quotation marks and citations omitted); *see also Reid v. Sec'y, Fla. Dep't of Corr.*, 486 F. App'x 848, 852 (11th Cir. 2012) (holding that "for purposes of summary judgment, there is nothing inherently wrong with 'self-serving testimony,' and it may not be disregarded by the district court in determining whether there is a genuine dispute of fact on a material issue in the case"). Again, the point is that the Plaintiff offers no evidence to contradict the Defendant's evidence—in the form of Johnson's sworn affidavit—that there was no water on the floor when he inspected the restroom seven minutes before the accident. Put another way, Johnson's testimony creates no genuine issue of material fact regarding whether the Defendant had actual or constructive knowledge of the hazard, and the Plaintiff's testimony, in large part, corroborates Johnson's testimony that the water would have appeared on the floor only *after*—but certainly within fifteen minutes

of—the inspection. In sum, there is no evidence the Defendant had actual or constructive knowledge of the hazard.[3] Accordingly, the Defendant is entitled to summary judgment.

### III. CONCLUSION

For the reasons noted above, the Defendant's motion for summary judgment (Doc. 16) is **GRANTED**. The Plaintiff's case is **DISMISSED with prejudice**.

**SO ORDERED**, this 7th day of May, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Plaintiff also contends "the Defendant is unable to establish as a matter of law that the Plaintiff failed to exercise ordinary care." Doc. 22-1 at 10. But as the Defendant points out, that is not an issue here. Doc. 23 at 9. Regardless of whether the Plaintiff exercised ordinary care, the Plaintiff must still create a fact issue as to whether the Defendant had actual or constructive knowledge of the hazard. As discussed, he cannot.